# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Anthony Castillo,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-15-00288-TUC-JGZ (DTF)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Rene Castillo (Petitioner), presently incarcerated at the Arizona State Prison Complex – Cibola Unit, in San Luis, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before the Court are the Petition (Doc. 1), Respondent's Limited Answer to Petition for Writ of Habeas Corpus (Doc. 12), and Petitioner's Reply to Response to Petition for Writ of Habeas Corpus (Doc. 13). The Magistrate Judge **recommends** the District Court, after its independent review of the record, **dismiss** the Petition.

**Factual and Procedural Background**

Petitioner was convicted by a jury of one count of armed robbery, two counts of attempted armed robbery, and three counts of aggravated assault with a deadly weapon. (Doc. 12 at Ex. A at 2, ¶ 1.) Petitioner was sentenced to concurrent and consecutive sentences totaling 18 years' imprisonment. (*Id*.) Petitioner directly

appealed his convictions to the Arizona Court of Appeals. (Doc. 12 at Ex. B.) Petitioner raised two issues on appeal. In his first issue, Petitioner argued the trial court improperly precluded him from presenting evidence that he suffered blackouts in support of his defense that he couldn't form the requisite mental state necessary to commit the crimes alleged. In his second issue, Petitioner argued the trial court erred in sentencing him to consecutive sentences in violation of Arizona law. On November 30, 2011, after a full briefing, the Arizona Court of Appeals denied relief on the merits. *See Arizona v. Castillo*, 2 CA-CR 2011-0043, 2011 WL 5966904 (Ariz. App. 2011). On May 30, 2012, the Arizona Supreme Court denied review. (Doc. 12 at Ex. E.)

On July 27, 2012, Petitioner filed a Notice of Post-Conviction Relief (PCR). (Doc. 12 at Ex. F.) On October 15, 2012, Petitioner's court appointed PCR counsel advised the trial court that after her review she concluded that there were no meritorious legal issues for review. (Doc. 12 at Ex. G.) The trial court entered an order granting Petitioner a 45-day extension of time (until December 3, 2012) to file his substantive PCR petition *pro se*. (Doc. 12 at Ex. H.)[1] On November 21, 2012, Petitioner filed a second Notice of Post-Conviction Relief. (Doc. 12 at Ex. I.) On March 6, 2013, because a substantive PCR petition had not been filed the trial court dismissed the proceedings. (Doc. 12 at Ex. J.)

Over a year later, on May 20, 2014, Petitioner filed a third Notice of Post-Conviction Relief. (Doc. 12 at Ex. K.) On August 11, 2014, Petitioner followed his third notice of PCR with a substantive petition. (Doc. 12 at L.) The State of Arizona filed its response. (Doc. 12 at Ex. M.) Petitioner filed his reply. (Doc. 12 at Ex. N.) On December 3, 2014, the trial court denied relief. (Doc. 12 at Ex. O.)

---

[1] On November 8, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the District of Arizona. *See Castillo v. Ryan, et al.*, 4:12-CV-827-JGC-LAB at Doc. 1. This petition was dismissed without prejudice on April 29, 2013 because Petitioner's state court proceedings had not concluded. (*Id.* at Doc. 6.)

On December 26, 2014, Petitioner moved for reconsideration of the trial court's order. (Doc. 12 at Ex. P.) On February 26, 2015, the trial court affirmed its prior ruling. (Doc. 12 at Ex. S.) Petitioner appealed this decision to the Arizona Court of Appeals. (Doc. 12 at Ex. T.) On June 9, 2015, the Arizona Court of Appeals affirmed the trial court's ruling. (Doc. 12 at Ex. V.) Petitioner did not appeal the court of appeals' decision. (Doc. 12 at Ex. U.)

On July 7, 2015, Petitioner filed the instant Petition. (Doc. 1.) The Petition asserts four claims. The first claim alleges Petitioner's trial counsel was ineffective for a host of reasons including, failing to (a) challenge the trial court's ruling precluding Petitioner from testifying about his alleged diminished mental capacity because such testimony is inadmissible under Arizona state law; (b) challenge the trial court's pronouncement of consecutive sentences; (c) perform pretrial investigation into "defenses and witnesses"; (d) challenge the sufficiency of the evidence; and (e) "raise Petitioner's incompetence to stand trial." Petitioner also alleges his court appointed PCR counsel was ineffective for filing a notice indicating that she could find no colorable issues to raise in PCR proceedings. In claim two, Petitioner contends that his appellate counsel was ineffective for failing to raise on appeal the following issues: (a) the trial court's order precluding Petitioner, his wife, and a medical provider from testifying about his alleged diminished capacity at the time of the crimes; (b) the trial court's ruling precluding character evidence; (c) the sufficiency of the evidence underlying Petitioner's convictions; and (d) Petitioner's competence to stand trial. In claim three, Petitioner alleges the trial court committed error by precluding evidence about his alleged diminished capacity. Finally, in claim four, Petitioner contends the trial court erred in sentencing him to consecutive sentences.

**The Petition is Untimely**

The time limitations imposed by Anti-Terrorism and Effective Death Penalty Act (AEDPA) applies to the Petition. *See, e.g., Furman v. Wood*, 190 F.3d 1002,

1004 (9th Cir. 1999). The AEDPA imposes a 1-year limitation period on state prisoners filing habeas corpus petitions in federal court. 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Arizona Supreme Court denied review of Petitioner's direct appeal on May 30, 2012. (Doc. 12 at Ex. E.) Petitioner had 90 days from May 30, 2012 (until August 28, 2013) to seek review by the United States Supreme Court. *See Summers v. Schriro*, 481 F.3d 710, 715-17 (9th Cir. 2007). Petitioner did not seek such review. (Doc. 1 at p. 3.) Accordingly, Petitioner's convictions became final on August 28, 2012 and the Petition must have been filed on or before August 28, 2013 in order to be considered timely. 28 U.S.C. § 2244(d)(1). As mentioned above, the Petition was filed on July 7, 2015. (Doc. 1.) Therefore, the Petition is untimely and must be dismissed unless Petitioner meets his burden of establishing a basis for tolling of the limitations period.

**The Petition is not Saved by Tolling of the Limitations Period**

There are two types of tolling, statutory and equitable. Neither operates to save the Petition in this case.

*Statutory Tolling*: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). As mentioned above, Petitioner filed his first Notice of Post-Conviction Relief on July 27, 2012. (Doc. 12 at Ex. F.) Since Petitioner's convictions became final on August 28, 2012 the limitations period was immediately tolled upon the filing of this notice. The limitations period remained tolled until Petitioner's first PCR proceeding was summarily dismissed on March 6, 2013. (Doc. 12 at Ex. J.) *See* 28 U.S.C. 2244(d)(2). The AEDPA's 1-year limitation period began running upon dismissal and Petitioner was required to

file his Petition within 1 year of March 6, 2013. Again, as mentioned above, the Petition was not filed until July 7, 2015. (Doc. 1.) Therefore, the Petition is untimely.

As mentioned above, Petitioner filed a second Notice of Post-Conviction Relief during the time period when the AEDPA's limitation period was already tolled. Petitioner never filed a subsequent petition for post-conviction relief and, as such, this second Notice of Post-Conviction Relief did not extend the tolling of the limitations period. In fact, by the time Petitioner's third Notice of Post-Conviction Relief was filed on May 20, 2014 the limitations period for filing a habeas petition had already expired (on March 6, 2013). Once the AEDPA's limitation period has run it cannot be revived by filing a PCR petition. *See Jimenez v. Moore*, 276 F.3d 478, 482 (9th Cir. 2001) (once AEDPA's limitation period has run, it cannot be revived by filing a state PCR petition). Finally, although Petitioner filed a habeas petition in this Court on November 8, 2012 that petition did not operate to toll the AEDPA's limitation period because it is only state applications that toll the running of the limitations period. *See Duncan v. Walker*, 533 U.S. 167 (2001) (federal habeas petitions do not toll the AEDPA's limitations period).

In sum, over 1 year and 2 months elapsed between Petitioner's PCR proceedings. During this time, the AEDPA's limitations period was not statutorily tolled. Therefore, the Petition is untimely.

*Equitable Tolling*: The threshold necessary to trigger equitable tolling is very high. *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002). In order to be entitled to equitable tolling Petitioner must affirmatively demonstrate both that (1) he diligently pursued his rights and (2) some extraordinary circumstance beyond his control stood in his way and prevented him from filing his Petition on time. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time."

*Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (Citations and internal quotations omitted.) The doctrine of equitable tolling should be applied sparingly, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009), "lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). (Citations omitted.)

As mentioned above, the Petition was not filed until July 7, 2015, which is 19 months after the trial court dismissed Petitioner's first Post-Conviction Relief proceeding on March 6, 2013 because Petitioner failed to file a substantive post-conviction relief petition. Such a delay in filing a federal habeas petition indicates a lack of diligent pursuit. *See, e.g., Lakey v. Hickman*, 633 F.3d 782, 787 (9th Cir. 2011) (prisoner's 141-day delay in bringing his federal petition indicates that he did not diligently pursue his rights for purposes of the applicability of equitable tolling). The Court concludes that Petitioner did not diligently pursue his rights.

Since the Court concludes that Petitioner failed to diligently pursue his rights, the Court need not consider whether Petitioner has established that some extraordinary circumstance beyond his control prevented him from filing his Petition in a timely manner. *Pace*, 544 U.S. at 418. (a litigant seeking equitable tolling hears the burden of establishing both diligent pursuit and extraordinary circumstances). Even if the Court did need to make such a determination, the Court concludes that Petitioner failed to meet his burden. To start, Petitioner failed to allege in his Petition that any extraordinary circumstances prevented him from timely filing his Petition. In fact, Petitioner reported to the Court that his Petition was timely and that the "Judgement (sic) was made June 9, 2015." (Doc. 1 at p. 17.) As such, Petitioner's arguments raised for the first time in his reply that errors by the state court and his alleged diminished mental capacity are such extraordinary circumstances are waived. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (issue raised for the first time in a reply brief is waived). Even if Petitioner's arguments are not waived, the errors that Petitioner contends

the state court committed, as well as his alleged diminished mental capacity, do not establish extraordinary circumstances.

Petitioner summarily argues that he was never notified by the trial court when it dismissed his first round of PCR proceedings (because he failed to file a substantive PCR petition) and that the trial court erred when it accepted his second notice of PCR. (Doc. 13 at p. 4.) To start, the Court notes that Petitioner does not argue that he did not receive the trial court's order directing him to file a substantive PCR petition *pro se*. Rather, he contends that he filed a second notice of PCR erroneously thinking that this was the filing the trial court directed him to submit and that the trial court is at fault for not rejecting this second notice of PCR purportedly in violation of Arizona Rule of Criminal Procedure 32.5. Rule 32.5, Ariz. R. Crim. P., however, directs the trial court to reject *petitions* for post-conviction relief that it determines do not comply with the requirements of Rule 32.5. *See* Ariz. R. Crim. P. 32.5 ("…A petition which fails to comply with this rule shall be returned by the court to the defendant for revision with an order specifying how the petition fails to comply with the rule…"). Plaintiff admits that he never filed a substantive PCR petition in compliance with the trial court's order. Instead, the record establishes that Petitioner waited over 14 months to file his third notice of PCR which he *did* follow with a substantive PCR petition. Petitioner's argument that the trial court's alleged error entitles him to equitable tolling of the limitations period is without merit. *See, e.g., Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998) ("When a *pro se* petitioner is able to apply for post-conviction relief to a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state supreme court.").

Petitioner's argument that his alleged diminished capacity entitles him to equitable tolling of the limitations period also fails. Again, as mentioned above, Petitioner represented that his Petition was timely and thus has waived the argument he now makes in reply. Furthermore, Petitioner's argument is belied by

the record. The Court notes that Petitioner was able to state his claims in his substantive petition for PCR and in a motion for reconsideration. (*See* Doc. 12 at Exs. L, N, Q, and R.)

The Court determines that Petitioner has failed to meet his high burden of establishing that equitable tolling saves his untimely Petition. The Petition is untimely and neither statutory nor equitable tolling saves the Petition.

**The Claims in the Petition are Procedurally Defaulted**

Even if the Petition can be considered timely (which it cannot for the reasons explained above), the claims raised therein are procedurally defaulted. To seek federal habeas relief a state prisoner must allege that he is being held in violation of federal law. 28 U.S.C. § 2254(a). All state remedies available for that federal claim must be exhausted before that claim may be presented in a petition for writ of habeas corpus under 28 U.S.C. § 2254(b)(1)(A). *O'Sulivan v. Boerckel*, 526 U.S. 838, 845 (1999). If the prisoner fails to fairly present his claim to the state court in a procedurally appropriate manner, the claim is "procedurally defaulted" and barred from federal habeas review. *See, e.g., Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991).

There are two categories of procedural default, express and implied. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). Express procedural default operates to bar a federal habeas claim where a state court expressly applied a procedural bar to the prisoner's claim when the prisoner attempted to raise the claim in state court. *See, e.g., Ylst, supra*, 501 U.S. at 802-05. Implied default (also referred to as technical exhaustion) occurs when the prisoner never presented his claim in state court and returning the prisoner to state court to present that claim would be futile under the state's procedural rules. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989).

Petitioner recognizes that he presented no claims in his first and second notices of PCR. (Doc. 13 at p. 5.) As such, he necessarily did not exhaust any

claims in his first PCR proceeding. Petitioner's third notice of PCR was followed by substantive briefing and relief was denied by the trial court. (Doc. 12 at Ex. O.) On appeal from the trial court's denial of this PCR petition, the Arizona Court of Appeals did not affirm on the merits. Rather, the court of appeals determined that all of Petitioner's claims were precluded as time-barred under Arizona Rule of Criminal Procedure 32.2(a)(2) and (3). *See* Doc. 12 at Ex. V at ¶ 6 ("… [Petitioner's] claims are precluded – each claim either was or could have been raised on appeal or in his first Rule 32 proceeding.") Accordingly, no federal claims that could have been exhausted were presented in Petitioner's only substantive PCR petition. As such, Petitioner's direct appeal of his conviction is the only vehicle through which Petitioner could have exhausted his federal claims in state court.

As mentioned earlier, Petitioner's direct appeal raised two issues. (Doc. 12 at Ex. B.) His first issue alleged that the trial court erred in precluding evidence of his mental health condition under Arizona state law. (*Id*. at p. 10.) His second issue alleged that he was sentenced to serve consecutive sentences in violation of Arizona law (Ariz. Rev. Stat. § 13-116). (*Id*. at pp. 16-17.) These two issues relate solely to matters of Arizona law. As such, Petitioner's direct appeal failed to exhaust any federal claim that he now seeks to have this Court review. *See Swoopes v. Sublett*, 196 F.3d 1088, 1010 (9th Cir. 1999) (in order to properly exhaust a claim for federal habeas review, a non-capital Arizona prisoner must present the federal claim to the state court of appeals). Returning Petitioner to state court to present the claims alleged in the Petition would be futile as the time period for filing a notice of PCR has passed. *See* Ariz. R. Crim. P. 32.4(a) (PCR proceedings must commence within 90 days of either the date of judgment and sentence or the date the mandate issues on direct appeal, whichever is later). A state court PCR action is futile where it is time barred. *See Beaty, supra,* 303 F.3d at 987. In light of the foregoing, the Court determines that Petitioner's claims are

procedurally defaulted.

Procedural defaults can be overcome. A procedural default can be overcome if Petitioner establishes (1) "cause" and "actual prejudice," or (2) that a fundamental miscarriage of justice has occurred. *Sawyer*, 505 U.S. at 339. As explained herein, Petitioner does not establish what is required of him in order for the Court to excuse the procedural default.

"Cause" is a legitimate excuse for the default and "prejudice" is actual harm resulting from the alleged constitutional violation. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). (Citations omitted.) "Cause" that is sufficient to excuse procedural default is "some objective factor external to the defense" which precludes the petitioner's ability to pursue his claim in state court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). The Supreme Court has held, by way of example, that cause could be established by showing interference by officials or that the factual or legal basis for a claim was not reasonably available to counsel. *Id.*

Petitioner makes some effort to establish cause by arguing that his alleged diminished mental capacity and his lack of understanding of legal proceedings excuse his procedurally defaulted claims. (Doc. 3 at p. 6.) Petitioner's argument, however, is against the weight of case law. *See, e.g., Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991) (habeas petitioner's lack of legal training and limited access to legal materials did not constitute cause to excuse procedural default); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (combination of habeas petitioner's *pro se* status, illiteracy, and his loss of access to inmate who was assisting him during state court PCR proceedings was not cause to excuse procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 988) (petitioner's diagnosis as borderline mental defective was insufficient to establish cause); *Harris v. McAdory*, 334 F.3d 662, 668 (7th Cir. 2003) ("Something that comes from a source within the petitioner is unlikely to qualify as

an external impediment … [petitioner's] low IQ and limited reading ability are not factors which are 'external' to his defense."). The Court determines that Petitioner's alleged diminished mental capacity is not "cause" to excuse his procedural default as such a conclusion would be against the weight of case law.

Petitioner's argument that "cause" is established because his PCR counsel was allegedly ineffective for failing to raise a claim of ineffective assistance of trial counsel in his first PCR proceeding also fails. *Martinez v. Ryan,* 566 U.S. 1 (2012), held that where an ineffective assistance of counsel claim may not be raised until PCR proceedings (like in Arizona), if PCR counsel performed deficiently by failing to raise a trial (or appellate) ineffective assistance of counsel claim, PCR counsel's ineffective assistance may provide cause to excuse the procedural default. *Martinez* further held, however, that a petitioner must demonstrate that PCR counsel's performance was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Martinez,* 56 U.S. at 14.

*Strickland* requires that a petitioner demonstrate that his counsel's performance (1) fell outside the wide range of professionally competent assistance, and (2) prejudiced the outcome of his case. *Strickland*, 466 U.S. at 690-93. *Strickland* imposes a "highly demanding" standard upon a petitioner to prove "gross incompetence." *See Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). Conclusory allegations of ineffective assistance, unsupported by specific facts and argument, "fall far short of stating a valid claim of constitutional violation." *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Here, Petitioner has offered nothing more than conclusory allegations that his court appointed counsel was deficient. Petitioner fails to provide any specific facts or argument as to why his ineffective assistance of counsel claims have merit, offering the conclusory statement that "[h]ad petitioner had constitutional counsel, the trial could have been different, with a different result." (Doc. 13 at p. 6.) The Court determines that Petitioner has failed to meet his burden under *Strickland*.

Having failed to establish "cause" to excuse the procedural default, the Court need not address whether Petitioner has established "actual prejudice." Regardless, however, the Court determines that Petitioner has failed to establish "actual prejudice." "Prejudice" in the habeas context means actual, objective harm resulting from the alleged error. *See United States v. Frady*, 456 U.S. 152, 170 (1982) (a habeas petitioner "shoulder[s] the burden of showing, not merely that the errors…created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage" and infected the state proceedings with errors of constitutional dimension) (emphasis in original). Here, Petitioner has done nothing more than summarily allege the possibility that his proceedings might have been different had his claims been raised in state court. Accordingly, the Court concludes that (in addition to failing to establish "cause") Petitioner has failed to establish "actual prejudice."

Lastly, as mentioned above, if Petitioner establishes that a fundamental miscarriage of justice has occurred this Court may overlook a procedural default. A fundamental miscarriage of justice can occur where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Murray, supra*, 477 U.S. at 496 (holding that the merits of a defaulted claim could be reached "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent…"). Here, however, Petitioner as not argued that he is actually innocent. (Doc. 1; Doc. 13.) Accordingly, the Court need not consider whether a fundamental miscarriage of justice occurred. *See Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998) (district court properly declined to apply the narrow fundamental miscarriage of justice exception where the petitioner had neither argued nor presented any evidence that he was actually innocent).

**Claims Three and Four Do Not Present a Federal Question**

Even if all of Petitioner's claims were not both precluded by the limitations period and procedurally defaulted (and they are for the reasons discussed above),

claims three and four in the Petition are precluded from review because they do not present a federal question. Only federal questions are reviewable under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a). In claim three, Petitioner alleges that the Arizona Superior Court erred in precluding testimony from his wife and a medical provider related to his alleged diminished mental capacity defense. (Doc. 1 at pp. 13-14.) However, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Generally, a federal court will not entertain allegations of violations of state evidentiary rules. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "Arizona does not recognize a 'diminished capacity' defense, and (absent a guilty except insane defense) a defendant may not present evidence of a mental disease or defect alleged to have rendered him incapable of forming the requisite *mens rea*." *State v. Lopez*, 323 P.3d 748, 752, ¶ 21 (Ariz. App. 2014). The United States Supreme Court has held that Arizona's preclusion of diminished capacity evidence does not violate due process. *See Clark v. Arizona*, 548 U.S. 735, 770-71 (2006). Claim three is precluded from habeas review.

In claim four, Petitioner alleges that the trial court erred when it sentenced him to serve his sentence on one of the aggravated assaults counts consecutive to his sentence on one of the armed robbery counts. (Doc. 1 at p. 15.) Alleged error in issuing consecutive sentences does not present a federal question. *See Beaty v. Stewart*, 303 F.3d 975, 986 (9th Cir. 2002) ("Beaty challenges his consecutive sentences for first-degree murder and sexual assault because the crimes were committed during a 'single spree.'…However, state claims are not cognizable in federal habeas proceedings."). Claim four is precluded from habeas review.

**RECOMMENDATION**

All of the claims raised in this Petition are barred by the limitations period and are not saved by tolling. Additionally, all of the claims raised in the Petition are procedurally defaulted. Claims three and four (even if they were not barred by the limitations period and were not procedurally defaulted), are issues of state law

and precluded from federal habeas review. Based on the foregoing, the Magistrate Judge recommends the District Court **DISMISS** the Petition for Writ of Habeas Corpus.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **15-CV-00288-JGZ**.

Dated this 4th day of May, 2017.

_____
D. Thomas Ferraro
United States Magistrate Judge